hoist to which it was attached was raised prematurely. We conclude that Supreme Court properly denied both plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) claim and defendant's cross motion for summary judgment dismissing that claim. A plaintiff is entitled to summary judgment under Labor Law § 240 (1) by establishing that he or she was "subject to an elevation-related risk, and [that] the failure to provide any safety devices to protect the worker from such a risk [was] a proximate cause of his or her injuries" (*Peters v Kissling Interests, Inc.*, 63 AD3d 1519, 1520 [2009], *lv denied* 13 NY3d 903 [2009], citing *Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 978 [2003]). A defendant is entitled to summary judgment dismissing a Labor Law § 240 (1) cause of action or claim by establishing that a statutory violation did not occur, an alleged statutory violation was not a proximate cause of the accident, or the plaintiff's conduct was the sole proximate cause of the accident (*see generally Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003]).

Here, we conclude on the record before us that plaintiff was not injured based on the "falling object" theory of recovery. Indeed, because it is undisputed that the truss was rising when it struck plaintiff, the alleged injury could not have been the result of "the application of the force of gravity to the [truss]" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009]; *see Brownell v Blue Seal Feeds, Inc.*, 89 AD3d 1425, 1427 [2011]). We nevertheless conclude that there is an issue of fact on the record before us with respect to the "falling worker" theory of recovery. More specifically, there are issues of fact under that theory of recovery "concerning the adequacy of the protection afforded to plaintiff, both in terms of the [safety devices] provided to him and the absence of other safety devices . . . [, and] whether the conduct of plaintiff was the sole proximate cause of his injuries" (*Brown v Concord Nurseries, Inc.*, 37 AD3d 1076, 1077 [2007]; *see Trippi v Main-Huron, LLC*, 28 AD3d 1069, 1070 [2006]; *see also Donovan v CNY Consol. Contrs.*, 278 AD2d 881, 881 [2000]). Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.

■ HAMILTON EQUITY GROUP, LLC, as Assignee of HSBC Bank USA, National Association, Respondent, v JUAN E. IRENE, PLLC, et al., Defendants, and JUAN E. IRENE, Individually and Doing Business as THE LAW OFFICE OF JUAN E. IRENE, ESQ., Appellant. (Appeal No. 1.) [955 NYS2d 903]

Present—Centra, J.P., Fahey, Peradotto and Carni, JJ.

■ HAMILTON EQUITY GROUP, LLC, as Assignee of HSBC Bank USA, National Association, Respondent, v JUAN E. IRENE, PLLC, et al., Defendants, and JUAN E. IRENE, Individually and Doing Business as THE LAW OFFICE OF JUAN E. IRENE, ESQ., Appellant. (Appeal No. 2.) [957 NYS2d 527]—

Memorandum: Plaintiff commenced this action seeking to collect the outstanding balance owed on a line of credit by defendant Juan E. Irene, PLLC (hereafter, PSLLC), a domestic professional service limited liability company. Plaintiff moved for summary judgment against defendants, jointly and severally, in the principal amount of $124,984.37 together with interest, costs and attorneys' fees. Plaintiff also moved for an order of replevin and a writ of seizure with respect to certain secured collateral. Juan E. Irene, individually and doing business as the Law Office of Juan E. Irene, Esq. (defendant), appeals from a judgment that brings up for review the underlying order granting plaintiff's motion in its entirety. As limited by his brief, defendant contends that Supreme Court erred in granting that part of plaintiff's motion for summary judgment against him. We agree with defendant.

On November 25, 2002, the PSLLC entered into a business line of credit agreement with a bank. Pursuant to a general security agreement, the PSLLC granted the bank a security interest in the PSLLC's assets, accounts and other intangible property. Defendant executed the line of credit and security